11-1006-ag
Islam v. Holder

BIA
A096 423 837

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand twelve.

PRESENT:
JOHN M. WALKER, JR.,
REENA RAGGI,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

MOHAMMED TAJUL ISLAM, AKA TAJUL ISLAM, AKA MOHAMMED TAZUL ISLAM,
    *Petitioner,*

       v.                 11-1006-ag
                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Usman B. Ahmad, Long Island City, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mohammed Tajul Islam, a native and citizen of Bangladesh, seeks review of the February 15, 2011, order of the BIA denying his motion to reopen. *In re Mohammed Tajul Islam*, No. A096 423 837 (B.I.A. Feb. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying the motion as it was untimely and number-barred and because Islam neither established changed conditions related to a protected ground nor established his *prima facie* eligibility for relief under the Convention Against Torture ("CAT"). There is no dispute that Islam's third motion to reopen, filed in June 2010, was numerically barred and untimely, because an Immigration Judge issued a final order of removal in June 2005. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Accordingly, Islam was required to show changed circumstances arising in Bangladesh, and that

2

the evidence of the changed circumstances was "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

As an initial matter, Islam's argument that he is a member of a social group consisting of persons who have "offended or shamed a police officer and therefore [are] vulnerable to violent attack that will go unpunished by the government" is unexhausted and not subject to review, because he never presented that argument to the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007).

Even if Islam had raised the social group argument before the BIA, the BIA's finding that Islam alleged mere "criminal matters" that do not satisfy any established ground for asylum or withholding of removal is supported by substantial evidence, as Islam alleged that he was being targeted by his father-in-law because he left his wife in Bangladesh. Because the alleged change in conditions did not relate to a protected ground, Islam failed to demonstrate a change in conditions material to asylum or withholding of removal. *See Jian Hui Shao v. Mukasey*, 546

3

F.3d 138, 169 (2d Cir. 2008); *see also* 8 U.S.C. § 1252(b)(4)(B) (Under the substantial evidence standard, the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Moreover, the BIA reasonably determined that Islam did not present sufficient evidence to establish a *prima facie* case for relief under the Convention Against Torture ("CAT"). *See Jian Hui Shao*, 546 F.3d at 169. To establish eligibility for CAT relief, an alien must show that it is more likely than not that he would be tortured by or with the acquiescence of the authorities. *See* 8 U.S.C. §§ 1208.16(c)(2), 1208.17. Here, the BIA reasonably found that the evidence that Islam provided did not sufficiently establish that he would be unable to obtain the protection of Bangladeshi authorities against any threat posed by his father-in-law, as the only evidence to support his claim that his father-in-law would be allowed to act with impunity was his own speculation. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Since Islam failed to establish changed country conditions relevant to a protected ground or a *prima facie* case for asylum, withholding of

4

removal, or protection under the CAT, the BIA properly denied his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988)(a movant's failure to establish a *prima facie* case for the underlying substantive relief sought is a proper ground for the denial of a motion to reopen).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk